UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CASHMAN EQUIPMENT CORP. ET AL.** | : | **DOCKET NO. 15-cv-396** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **OFFSHORE CONTRACTORS LTD. ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Intervene [doc. 210] filed on March 16, 2016 by Rickey Barnett et al. ("proposed intervenors"). The Motion is opposed by Cashman Equipment Corp. and Servicio Marina Superior, LLC ("plaintiffs"). Doc. 218.

For the reasons stated below, the Motion to Intervene is **DENIED**, mooting the Motion for Leave to File Amended Intervenor Complaint [doc. 220].

### I.
#### BACKGROUND

This suit originated with the application for a writ of maritime attachment filed by plaintiffs Cashman Equipment Corporation and Servicio Marina Superior LLC on February 18, 2015. Doc. 1. The plaintiffs sought a writ of maritime attachment over a ship called *Global Iroquois* in satisfaction of consent judgments against defendant OPI International Contractors, Ltd. in the United States District Court for the Eastern District of Louisiana. *Id.*

The proposed intervenors are seamen who were employed aboard a vessel called the *DLB-332*, which they allege is a sister vessel to the *Global Iroquois*. Doc. 211, pp. 3–4. They claim that

they are owed in excess of $500,000 in unpaid wages and benefits from this employment, as well as repatriation expenses, termination and other pay, and attorney's fees and costs, and that their demands for payment have been unsuccessful. *Id.* at 4–6. As a result they now assert a maritime lien against the *Global Iroquois* for at least $1,500,000.00.[1] *Id.* at 6.

## II.
## LAW AND ANALYSIS

A motion to intervene must satisfy four requirements: (1) it must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994). The criteria are mandatory but Rule 24 "is to be construed liberally . . . and doubts resolved in favor of the proposed intervenor." *In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 248 (5th Cir. 2009) (quoting 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 24.03(1)(a), at 24–22 (3d ed. 2008)).

Plaintiffs assert that the Motion to Intervene is untimely and that proposed intervenors do not have an interest in the *Global Iroquois* giving rise to a right to intervene.

Timeliness is determined by considering four factors: (1) the length of time a party knew or reasonably should have known of its interest in the lawsuit, (2) the prejudice to existing parties from the proposed intervenor's delay in filing the motion; (3) the extent of the prejudice to the intervening party if intervention is denied; and (4) the presence of unusual circumstances weighing for or against intervention. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977).

---

[1] By Motion for Leave to File Amended Intervenor Complaint, they seek to withdraw their wage penalty claim. Doc. 220.

"The analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club*, 18 F.3d at 1205. Thus timeliness determinations are "largely committed to the discretion of the district court." *Stallworth*, 558 F.2d at 263.

The *Global Iroquois* was attached on February 19, 2015, one day after the instant suit was filed. Docs. 1, 10. The plaintiffs offer an affidavit by James K. Cole ("Cole"), director of Offshore Contractors, Ltd., to support the notion that the proposed intervention is untimely. Doc. 218, att. 1. Cole declared that he notified the crew of the *DLB-332* through the vessel's superintendent, Richard Potter, of the *Global Iroquois*' attachment when it occurred in February 2015. *Id.* at 2. He also stated that he spoke at length about the attachment with Richard Saxton, chief engineer of the *DLB-332*, in numerous telephone conversations from February 2015 through February 2016. *Id.*

The proposed intervenors state that they were relying on defendants' promises that their wages would be paid until November 15, 2015, when the defendants issued a statement that their efforts to secure the necessary finances were unsuccessful. Doc. 219, att. 2. Pretermitting any consideration of whether proposed intervenors' reliance on statements made was prudent or precluded them from taking action here, the proposed intervenors offer zero excuse for waiting an additional four months to file the instant motion.[2] Therefore the first factor does not support a finding of timeliness.

Under the second and third factors, the existing parties stand to be greatly prejudiced by this intervention. They have already spent the time and money necessary to secure the consent judgments entered. Because the proposed intervenors worked on a sister vessel rather than on the

---

[2] They admit to a two and a half month delay, claiming that the instant motion was filed on February 1, 2016. Doc. 219, p. 2. However, the instant motion was filed on March 16, 2016, following the filing of a deficient motion on March 10. *See* Docs. 208, 210. We can find no record of any prior attempt by the *DLB-332* crew at intervention in this case, but deem that even an unexcused delay of two and a half months would have weighed against the proposed intervenors.

*Global Iroquois* itself, they cannot shown that they are entitled to any preference.[3] The proposed intervenors dispute neither the plaintiffs' contention that other parties have asserted claims outranking theirs nor that there are insufficient funds to even satisfy the claims of these creditors. *See* Doc. 218, p. 13. Furthermore, the proposed intervenors may still seek payment of their wages by asserting lien rights in the *DLB-332*. Therefore the prejudice to them is minimal and the second and third factors weigh against a finding of timeliness.

Finally, the parties have pointed to no "unusual circumstances" that would upset the balance of factors described above. Accordingly, the Motion to Intervene is untimely. Because the proposed intervenors have failed to satisfy the first requirement of intervention, we need not consider the extent of their interest in the *Global Iroquois* as it relates to the other requirements.

### III.
### CONCLUSION

For reasons stated above, the Motion to Intervene [doc. 210] is **DENIED**, thereby mooting the Motion for Leave to File Amended Intervenor Complaint [doc. 220].

THUS DONE AND SIGNED in Chambers this 7th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[3] As plaintiffs point out, preferred maritime liens are "for wages of the crew of the vessel." 46 U.S.C. § 31301(5)(D). Nothing in the statute indicates that a preferred lien may be granted to the crew of a sister vessel.